UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URIEL BAZAN, SERGIO OSWALDO CALLE, DOMINGO CALEL CHICOJ, REYNALDO VILLALBA MARTINEZ, CRISOFORO PINEDA, FRANCISCO SALVADOR QUINO, URBANO REYES, RODOLFO VILLANO and EDGAR ZEPEDA, Individually, On Behalf of All Others Similarly Situated and as Class Representatives,<br><br>Plaintiffs,<br><br>-Against-<br><br>BEST THAI ON GRAMMERCY INC., 31 EAST 21 EXPRESS INC., BEST THAI ON 8 CORP., RTC 18 CORP., 331 LEXINGTON RESTAURANT CORP. (All Doing Business As RHONG-TIAM EXPRESS), RACHAPAS ANDY YANGEKSAKUL a.k.a ANDY YANG and KARNCHANART SAE LOO,<br><br>Defendants. | COMPLAINT<br><br>15 Civ. 4830<br><br>**PLAINTIFFS DEMAND A TRIAL BY JURY**<br><br>ECF CASE |

Plaintiffs Uriel Bazan, Sergio Oswaldo Calle, Domingo Calel Chicoj, Reynaldo Villalba Martinez, Crisoforo Pineda, Franciso Salvador Quino, Urbano Reyes, Rodolfo Villano and Edgar Zepeda ("Plaintiffs"), individually, on behalf of all others similarly situated and as class representatives, by their attorneys, Lipman & Plesur, LLP, complain of Best Thai on Grammercy Inc., 31 East 21 Express Inc., Best Thai On 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp. (All Doing Business As Rhong-Tiam Express), Rachapas Andy Yangeksakul a.k.a. Andy Yang and Karnchanart Sae Loo (collectively referred to herein as "Defendants") as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs complain on behalf of themselves and other similarly situated current and former employees of Defendants who may elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), that they are owed: (i) minimum wages; (ii) overtime

premium pay; (iii) reimbursement for expenses related to the "tools of the trade"; and, (iv) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (hereinafter referred to as the "FLSA").

  2. Plaintiffs further complain, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves, and a putative class of all other similarly situated current and former non-managerial employees of Defendants, that they are owed additional wages from Defendants for (i) minimum wages; (ii) overtime premium pay; (iii) spread of hours pay; (iv) failure to provide wage notices, (v) failure to provide notice of tip credit; (vi) failure to provide tools of the trade and, (vii) liquidated damages pursuant to the New York State Hospitality Wage Order, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §§ 146 *et seq*, Minimum Wage Order for the Restaurant Industry, NYCRR tit. 12, §§ 137-138, New York Labor Law §§ 650 *et seq*., and the New York Labor Law §§ 190 *et seq*. (hereinafter collectively referred to as the "NYLL").

## JURISDICTION AND VENUE

  3. Plaintiffs invoke the jurisdiction of this Court pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216, and the supplemental jurisdiction statute, 28 U.S.C. § 1367, in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

  4. The venue of this action is proper because the events or omissions giving rise to the claims occurred primarily within, and Defendants conduct business within, the Southern District of New York.

**PARTIES**

5. Upon information and belief, Best Thai on Grammercy Inc. doing business as Rhong-Tiam Express is incorporated to do business within New York State.

6. Upon information and belief, 31 East 21 Express Inc. doing business as Rhong-Tiam Express is incorporated to do business within New York State.

7. Upon information and belief, Best Thai on 8 Corp. doing business as Rhong-Tiam Express is incorporated to do business within New York State.

8. Upon information and belief, RTC 18 Corp. doing business as Rhong-Tiam Express is incorporated to do business within New York State.

9. Upon information and belief, 331 Lexington Restaurant Corp. doing business as Rhong-Tiam Express is incorporated to do business within New York State.

10. At all times relevant, Defendants were covered by the FLSA and the NYLL.

11. Rachapas Andy Yangeksakul a.k.a. Andy Yang ("Defendant Yang"), is an individual in active management of the business operations of Best Thai on Grammercy Inc. doing business as Rhong-Tiam Express, 31 East 21 Express Inc. doing business as Rhong-Tiam Express, Best Thai on 8 Corp. doing business as Rhong-Tiam Express, RTC 18 Corp. doing business as Rhong-Tiam Express and 331 Lexington Restaurant Corp. doing business as Rhong-Tiam Express.  Defendant Yang is sued individually and in his own capacity as an employer.

12. Defendant Yang was Plaintiffs' employers as defined by the FLSA and NYLL.

13. Defendants Yang managed the day-to-day operation of the business and controlled Defendants' wage-hour policies and practices.  Defendant Yang hired and fired employees, scheduled their hours of work and determined their rates of pay.  Defendant Yang decided

whether Plaintiffs and other putative class members would receive overtime pay for weekly hours worked over 40.  Defendant Yang determined the hours worked, wages paid and other terms and conditions of employment with respect to Plaintiffs and similarly situated employees.

14. Karnchanart Sae Loo ("Defendant Loo") is an individual in active management of the business operations of Best Thai on Grammercy Inc. doing business as Rhong-Tiam Express, Best Thai on 8 Corp. doing business as Rhong-Tiam Express and 331 Lexington Restaurant Corp. doing business as Rhong-Tiam Express.  Defendant Loo is sued individually and in her own capacity as an employer.

15. Defendant Loo (a.k.a Mae) was Plaintiffs' employers as defined by the FLSA and NYLL.

16. Defendant Loo managed the day-to-day operation of the business and controlled Defendants' wage-hour policies and practices.  Defendant Loo hired and fired employees, scheduled their hours of work and determined their rates of pay.  Defendant Loo decided whether Plaintiffs and other putative class members would receive overtime pay for weekly hours worked over 40.  Defendant Loo determined the hours worked, wages paid and other terms and conditions of employment with respect to Plaintiffs and similarly situated employees.

17. Defendants have maintained a common policy and practice of, *inter alia*: (a) not paying at least minimum wage for all work hours; (b) not paying overtime premium pay for work in excess of 40 hours a week; (c) not paying the required "spread of hours" pay when employees' workday exceeds ten hours; (d) not providing wage notices; (e) not providing notice of tip credit; and, (f) not providing the required "tools of the trade".

18. Upon information and belief, each individual Defendant was the principal, agent,

4

partner, joint venturer, controlling shareholder of the other Defendants, and/or was engaged with the other Defendants in a joint enterprise for profit, and bore such other relationships to the other Defendants so as to be liable for their conduct.

19. The Defendant restaurants shared common labor policies and practices.

20. Upon information and belief, Defendants jointly managed employment records.

21. The Defendant restaurants had common ownership.

22. The Defendant restaurants shared common management.

23. The Defendant restaurants shared workers as necessary.

24. The Defendant restaurants are operated as a group.

25. The Defendant restaurants shared marketing materials.

26. Defendants were joint employers of Plaintiffs and their similarly situated co-workers.

27. Upon information and belief, Defendants' employees are sometimes required to move between Defendants' locations.

28. Defendants prepare all of the appetizers for all of the locations at one location and share such food.

29. Defendants operated as a single enterprise.

30. At all relevant times, Defendants employed Plaintiffs.

31. Upon information and belief, Best Thai on Grammercy Inc. is headquartered and operates a restaurant doing business as Rhong-Tiam Express at 31 East 21st Street, New York, New York 10010 (hereafter referred to as "RT Flatiron").

32. Upon information and belief, 31 East 21 Express Inc. is headquartered and

operates a restaurant doing business as Rhong-Tiam Express at 31 East 21st Street, New York, New York 10010 (hereafter referred to as "RT Flatiron") where Defendant Yang conducts business.

33. Upon information and belief, Best Thai on 8 Corp. is headquartered and operates a restaurant doing business as Rhong-Tiam Express at 166 8th Avenue, New York, New York 10011 (hereafter referred to as "RT Chelsea") where Defendant Yang conducts business.

34. Upon information and belief, RTC 18 Corp. is headquartered and operates a restaurant doing business as Rhong-Tiam Express at 166 8th Avenue, New York, New York 10011 (hereafter referred to as "RT Chelsea").

35. Upon information and belief, 331 Lexington Restaurant Corp. is headquartered and operates a restaurant doing business as Rhong-Tiam Express at 331 Lexington Avenue, New York, New York 10016 (hereafter referred to as "RT Murray Hill.") where Defendant Yang conducts business.

36. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. § 203(b).

37. At all relevant times, the gross annual volume of sales made or business done by Defendants was not less than $500,000.00.

38. At all relevant times, Defendants have employed employees handling, selling or otherwise working on goods or materials that have moved in or were produced for commerce. As part of their regular job duties for Defendants, Plaintiffs routinely and regularly used and/or handled food and cleaning supplies and other items that have moved in the stream of inter-state

commerce. Thus, in addition to the enterprise coverage alleged above, Defendants are also subject to the individual coverage of the FLSA.

39. The named Plaintiffs bring this action, individually and on behalf of all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated who may opt-in to this action under the FLSA are those who are and/or were employed by Defendants as non-managerial employees at any time after June 22, 2012 or earlier, as may be ordered by the Court due to the equitable tolling of the applicable statute of limitations and who were subject to the same or substantially the same unlawful and illegal wage policies.

40. Plaintiff Uriel Bazan ("Plaintiff Bazan") is an adult individual residing in Kings County, New York. Plaintiff Bazan was employed by Defendants as a food preparer from in or about November 2010 to on or about April 19, 2015 and worked at both RT Flatiron and RT Chelsea.

41. Plaintiff Sergio Oswaldo Calle ("Plaintiff Calle") is an adult individual residing in Queens County, New York. Plaintiff Calle was employed by Defendants as food preparer and/or a cook from in or about November 2012 to on or about April 19, 2015 and worked at RT Flatiron, RT Chelsea and RT Murray Hill.

42. Plaintiff Domingo Calel Chicoj ("Plaintiff Chicoj") is an adult individual residing in Queens County, New York. Plaintiff Chicoj was employed by Defendants as a porter/cleaner, delivery worker and dishwasher from on or about July 2, 2014 to May 3, 2015 at RT Chelsea.

43. Plaintiff Reynaldo Villalba Martinez ("Plaintiff Martinez") is an adult individual residing in Queens County, New York. Plaintiff Martinez was employed by Defendants as a dishwasher at a Rhong-Tiam location in the East Village that has closed for one year.

Subsequently, Defendants transferred him to RT Flatiron and worked as a food preparer and/or cook from in or about early 2009 to in or about early 2014. Defendants transferred Plaintiff Martinez to RT Chelsea in or about early 2014 where he worked as a cook until April 5, 2015.

44. Plaintiff Crisoforo ("Juan") Pineda ("Plaintiff Pineda") is an adult individual residing in Queens County, New York. Plaintiff Pineda was employed by Defendants from in or about early 2012 to October 2014 as a food preparer and line cook at RT Flatiron and RT Chelsea.

45. Plaintiff Fransciso Salvador Quino ("Plaintiff Quino") is an adult individual residing in Queens County, New York. Plaintiff Quino was employed by Defendants as a food preparer and delivery worker in or about August 15, 2011 to in or about June 4, 2014 at RT Flatiron.

46. Plaintiff Urbano Reyes ("Plaintiff Reyes") is an adult individual residing in Bronx County, New York. Plaintiff Reyes was employed by Defendants from in or about April 2010 to in or about March 2012, as a delivery worker Monday through Friday and as a cashier on Saturday and Sunday at RT Flatiron. From in or about March 2012 to in or about June 2014 he worked as a cook at RT Flatiron.

47. Plaintiff Rodolfo Villano ("Plaintiff Villano") is an adult individual residing in New York County, New York. Plaintiff Villano was employed by Defendants as a food preparer and cook from in or about December 2012 to April 20, 2015 at RT Flatiron and RT Chelsea.

48. Plaintiff Edgar Zepeda ("Plaintiff Zepeda") is an adult individual residing in Queens County, New York. Plaintiff Zepeda was employed by Defendants as an appetizer preparer from in or about January 2015 to on or about May 3, 2015 at RT Chelsea.

## CLASS ALLEGATIONS

49. Plaintiffs bring this Class action on behalf of all persons employed by Defendants as non-managerial employees of Defendants at any time after June 22, 2009 to the present (the "class period") who: (a) were not paid the minimum wage; (b) were not paid overtime premium pay for hours worked in excess of 40 per workweek; (c) were not paid one hour's pay at the basic minimum hourly wage rate for every day they worked in which the "spread of hours" for that day exceeded ten hours (d) were not provided with wage notices; (e) were not provided with notice of tip credit; and, (e) were not provided with tools of the trade.

50. The employees in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least 40 members of the Class during the class period. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the Class.

51. The representative parties will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against defendant.

52. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including: (a) whether

Defendants failed to compensate Plaintiffs the applicable minimum hourly rate; (b) whether Defendants failed to pay Plaintiffs overtime premium pay for hours worked in excess of 40 per workweek; (c) whether Defendants failed to pay Plaintiffs and their similarly situated co-workers their "spread of hours" pay; (d) whether Defendants failed to provide wage notices; (e) whether Defendants failed to provide notice of a tip credit; and, (f) whether Defendants failed to provide and/or pay for "tools of the trade".

## FACTS

53.     All of the individuals employed by Defendants in non-managerial positions were and are similarly situated to each other because Defendants maintain common, unlawful wage and labor policies.  These policies include, *inter alia*, the following:  Defendants did not provide wage notices, failed to keep and maintain accurate or any records of daily and weekly hours worked, failed to pay at least minimum wage for each hour worked, overtime premium pay or spread of hours pay, failed to reimburse for or provide the required tools of the trade, and, failed to provide notice of a tip credit, if any was taken by Defendants.

54.     Defendants do not pay their employees on an hourly basis, but rather unlawfully compensate employees with a daily or weekly rate of pay.

55.     Plaintiffs and putative class members have not received any statements identifying their hourly and overtime rate of pay.

56.     Plaintiffs and putative class members are not paid at least the minimum wage for each hour worked.

57.     Plaintiffs and, upon information and belief, the putative class members are not paid overtime premium pay when they work over 40 hours in a workweek.

58. Plaintiffs and, upon information and belief, the putative class members were and are not paid an extra hour of pay at the minimum wage for any day where the "spread of hours" worked is greater than ten.

59. Plaintiffs, and upon information and belief, the putative class members do not receive any information, regarding their employment such as a record of the hours worked or wages received from Defendants.

60. For tipped employees, Defendants do not provide any notice or information about the tip credit as required by 29 U.S.C. § 203(m) and 12 NYCRR § 146-2.3.

61. Defendants do not pay for all hours worked. For example, at times, Plaintiffs are required to arrive hours before their scheduled start time and remain well after their scheduled end time, and they are not paid any wages at all for these extra work periods. Upon information and belief, this occurs routinely and frequently when Defendants have catering jobs.

62. Defendants also require Plaintiffs and similarly situated employees to work without any breaks or meal periods that are longer than ten minutes.

63. Plaintiffs and similarly situated employees routinely work at least 66 hours per week and 11 hours per shift and sometimes much more. For example, for approximately two years, Plaintiff Reyes worked 7 days each week, 11-12 hours per day.

64. Plaintiffs and similarly situated employees, who were employed as delivery workers, were required to pay for and provide the "tools of the trade" such as bicycles, helmets, lights and locks that were used for making Defendants' deliveries and, at times, were required to pay for repairs to the bicycles. The costs that Defendants required Plaintiffs to pay for providing those "tools of the trade" brought their wages, at times, below the required minimum wage.

65. Plaintiffs and similarly situated employees who received tips were not provided with any notice of the tip credit or informed that their tips would be credited against the minimum wage.

66. At times, Plaintiffs and similarly situated employees worked seven work shifts each week.

67. Upon information and belief, the required posters and notices regarding minimum wage and overtime were not posted and there was no notice provided to employees regarding their rights under the FLSA or the NYLL.

68. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiffs and the putative class members should be tolled due to the failure to post required wage rate notices or otherwise and provide appropriate and required notice of the law.

## AS AND FOR A FIRST CAUSE OF ACTION

### Violation of the Minimum Wage Provisions of the FLSA

69. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 68 of this Complaint.

70. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

71. At all relevant times, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

73. Defendants failed to pay the applicable minimum hourly rate in willful violation of 29 U.S.C. § 206(a) and § 255(a).

74. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the Overtime Provisions of the FLSA

75. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 74 of this Complaint.

76. Defendants failed to pay Plaintiffs overtime compensation at rates of at least one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek, in willful violation of the FLSA.

77. Plaintiffs have been damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

78. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 77 of this Complaint.

79. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

80. Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate in violation of the NYLL.

81. Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Violation of the Overtime Provisions of the New York State Labor Law**

82. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 81 of this Complaint.

83. Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of the NYLL.

84. Defendants' failure to pay Plaintiffs and the putative class at the applicable overtime hourly rate was willful within the meaning of NYLL § 198.

85. Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Spread of Hours**

86. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 85 of this Complaint.

87. Defendants failed to pay Plaintiffs one additional hour at the basic minimum wage rate for each day such Plaintiffs' spread of hours exceeded ten in violation of the NYLL.

88. Plaintiffs have been damaged in an amount to be determined at trial.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Failure to Provide Wage Notice (NYLL § 195)**

89. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 88 of this Complaint.

90. Defendants failed to provide wage notices and accurate wage statements as required by NYLL § 195.

91. Plaintiffs and the putative class members have been damaged in an amount to be determined at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
**Violation of the FLSA – Tools of the Trade Violation**

92. Plaintiffs repeat and reallege each and every allegation made in paragraphs 1 through 91 of this Complaint.

93. Defendants required Plaintiffs to provide and/or pay for "tools of the trade" necessary to do the work of delivery workers.

94. Defendants thereby violated the FLSA and its regulations, 29 CFR § 531.35, and paid less than the lawfully required minimum and overtime rates because of said violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and those who opt-in to this action respectfully request that this Court grant the following relief:

A. Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B. Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure pursuant to Rule 23 for all putative class members for applicable claims under the NYLL;

C. Directing Defendants to compensate Plaintiffs and similarly situated employees for all hours worked at the minimum wage;

D.      Directing Defendants to pay overtime premium pay to Plaintiffs and similarly situated employees;

E.      Directing Defendants to pay "spread of hours" pay to Plaintiffs;

F.      Directing Defendants to reimburse Plaintiffs for unreimbursed expenses related to the "tools of the trade";

G.      Directing Defendants to provide the required wage notices and pay the statutory fines due to the failure to provide wage notices;

H.      Awarding Plaintiffs and similarly situated employees for the amount of unpaid wages, including overtime premiums and spread of hours pay and for the costs related to the "tools of the trade" under the FLSA and/or NYLL;

I.      Awarding Plaintiffs liquidated damages in an amount equal to all violations pursuant to 29 U.S.C. § 216(b) and equal to all violations pursuant to the NYLL;

J.      Declaring Defendants' conduct complained of herein to be in violation of the Plaintiffs' and similarly situated employees' rights as secured by the NYLL;

K.      Awarding Plaintiffs and similarly situated employees pre-judgment interest;

L.      Awarding Plaintiffs and similarly situated employees the costs of this action together with reasonable attorneys' fees and costs; and,

M.      Granting injunctive and such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: Jericho, New York
       June 22, 2015

                                 Respectfully submitted,

                              By:        /s/ Lizabeth Schalet

                                     Lizabeth Schalet
                                     schalet@lipmanplesur.com
                                     David A. Robins
                                     robins@lipmanplesur.com
                                     Robert D. Lipman
                                     lipman@lipmanplesur.com
                                     Lipman & Plesur, LLP
                                     500 North Broadway, Suite 105
                                     Jericho, NY  11753-2131
                                     Telephone:   (516) 931-0050
                                     Facsimile:    (516) 931-0030