UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

URIEL BAZAN, SERGIO OSWALDO CALLE,        :
DOMINGO CALEL CHICOJ, REYNALDO            :
VILLALBA MARTINEZ, CRISOFORO PINEDA,      :
FRANCISCO SALVADOR QUINO, URBANO          :
REYES, RODOLFO VILLANO, and EDGAR         :
ZEPEDA, individually, on behalf of all others :
similarly situated and as class representatives, :
                                          :
                          Plaintiffs,     :
                                          :
              -v -                        :
                                          :
BEST THAI ON GRAMMERCY INC., 31 EAST 21   :
EXPRESS INC., BEST THAI ON 8 CORP., RTC 18 :
CORP., 331 LEXINGTON RESTAURANT CORP.     :
all doing business as RHONG-TIAM EXPRESS, :
RACHAPAS ANDY YANGEKSAKUL also known      :
as ANDY YANG, and KARNCHANART SAE         :
LOO,                                      :
                                          :
                          Defendants.     :

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  04/18/2016

1:15-cv-4830-GHW

ORDER

GREGORY H. WOODS, District Judge:

By letter dated April 18, 2016, the parties have informed the Court that they have reached a

settlement in this case, which includes claims arising under the Fair Labor Standards Act (the "FLSA").

Dkt. No. 34.  In their letter, the parties request that the Court "So Order" their attached stipulation of

discontinuance, which dismisses all claims against Defendants with prejudice.  As discussed with the

parties during the April 18, 2016 teleconference with the Court, because Plaintiffs' complaint includes

claims arising under the FLSA, it is hereby ORDERED that the parties proceed in one of two ways:

(1)      *Stipulation of Dismissal under Rule 41(a)(1)(A).*  If the parties wish to resolve the case by a

stipulation under Federal Rule of Civil Procedure 41(a)(1)(A), they are ordered submit a stipulation that

complies with the directions provided below by May 19, 2016.  The parties should submit any such

stipulation to the Orders and Judgments Clerk at judgments@nysd.uscourts.gov in accordance with

Rule 18.3 of the SDNY ECF Rules and Instructions.

In light of the decision of the Second Circuit Court of Appeals in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), which held that the FLSA falls within the "applicable federal statute" exception to Rule 41(a)(1)(A), the parties cannot dismiss claims arising under the FLSA *with prejudice* pursuant to Rule 41(a)(1)(A).  The holding of *Cheeks* does not apply to claims arising under any statute other than the FLSA.  The court in *Cheeks* expressly reserved decision with respect to voluntary dismissals of FLSA claims without prejudice under Rule 41(a)(1)(A).  As a result, in order to dismiss this case under Rule 41(a)(1)(A), the parties' stipulation of dismissal must dismiss claims arising under the FLSA *without prejudice.*

(2)     *Judicial Approval and Order of Dismissal under Rule 41(a)(2).*  To the extent the parties seek judicial approval of their settlement, and dismissal of any claims arising under the FLSA with prejudice, however, they shall instead submit to the Court by May 19, 2016 a joint motion via ECF setting forth their views as to why their settlement is fair and should be approved.  The motion must address the considerations detailed in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and must include a copy of the settlement agreement itself, attached as an exhibit.  The parties are advised that the Court will not approve settlement agreements that contain a confidentiality provision.

If the settlement includes attorney's fees, the parties should also address the reasonableness of the fees to be awarded under the framework set forth in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  Plaintiffs' attorneys must also attach as an exhibit detailed attorney time records for the Court's review, as the Second Circuit "encourage[s] the practice of requiring documentation of hours as a 'cross check'" even in cases in which the fees awarded are a percentage of the total award. *Id.* (citation omitted).

The status conference scheduled for April 22, 2016 is adjourned *sine die.*

SO ORDERED.

Dated:  April 18, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge