SOUTHERN DISTRICT OF NEW YORK

URIEL BAZAN, SERGIO OSWALDO CALLE,
DOMINGO CALEL CHICOJ, REYNALDO VILLALBA
MARTINEZ, CRISOFORO PINEDA, FRANCISCO
SALVADOR QUINO, URBANO REYES, RODOLFO
VILLANO, FERNANDO GARCIA and EDGAR
ZEPEDA, Individually, On Behalf of All Others Similarly
Situated and as Class Representatives,

                        Plaintiffs,

              -Against-

BEST THAI ON GRAMMERCY INC., 31 EAST 21
EXPRESS INC., BEST THAI ON 8 CORP., RTC 18
CORP., 331 LEXINGTON RESTAURANT CORP. (All
Doing Business As RHONG-TIAM EXPRESS),
RACHAPAS ANDY YANGEKSAKUL a.k.a ANDY
YANG and KARNCHANART SAE LOO,

                       Defendant

**15 Civ. 04830**

**SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT AND RELEASE.

    This Settlement Agreement and Release (the "Agreement') is entered into by Plaintiffs
Uriel Bazan, Sergio Oswaldo Calle, Domingo Calel Chicoj, Reynaldo Villalba Martinez,
Crisoforo Pineda, Francisco Salvador Quino, Urbano Reyes, Rodolfo Villano, Edgar Zepeda and
Fernando Garcia ("Plaintiffs") and Best Thai on Grammercy Inc., 31 East 21 Express Inc., Best
Thai On 8 Corp., RTC 18 Corp., 331 Lexington Restaurant Corp. (All Doing Business As
Rhong-Tiam Express) and Rachapas Andy Yangeksakul a.k.a. Andy Yang (collectively
"Defendants"), subject to approval of the Court.

    WHEREAS on or about June 22, 2015, Plaintiffs filed this putative class/collective action
on behalf of themselves and others similarly situated against Defendants in the United States

District Court for the Southern District of New York, Civil Action No. 15-CV-04830 (the "Litigation"), in which Plaintiffs asserted claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for: (i) failure to pay minimum wage; (ii) failure to pay overtime; (iii) failure to provide wage notices; and (iv) failure to provide "tools of the trade";

WHEREAS the purpose of this Agreement is to fully and finally settle all obligations and/or differences between Plaintiffs and Defendants.

WHEREAS Defendants deny and continue to deny all allegations made by Plaintiffs in the Litigation and have denied and continue to deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, and without admitting that any compensation was not properly paid to Plaintiffs, Defendants have agreed to settle the Litigation on the terms set forth in this Agreement, to avoid the burden, expense and uncertainty of continuing litigation.

WHEREAS there has been no certification of a class or collective action in this Litigation, and no other party has joined this litigation as a Plaintiffs or defendant.

WHEREAS Plaintiffs' counsel has analyzed and evaluated the merits of the claims made against Defendants in this Litigation and the impact of this Agreement on Plaintiffs, and has engaged in limited discovery. Based on this analysis and Plaintiffs' counsel's evaluation of a number of factors, including the substantial risk of continued litigation and the possibility that the Litigation, if not settled now, may result in no recovery whatsoever for Plaintiffs or may result in a recovery that is less favorable for Plaintiffs and that such recovery may not occur for several years, Plaintiffs' counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interest of Plaintiffs.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

1.      In consideration for the release and other promises by Plaintiffs set forth herein, Defendants agree that they will pay the total gross settlement amount of $180,000.00 (the "total settlement amount"), pursuant to the schedule below:

   a.      Not later than ten (10) days after the Court approves the Agreement (hereafter this shall be deemed the "effective date"), Defendants will deliver an initial payment via a certified, cashier's or bank check in the amount of eighteen thousand dollars and zero cents ($18,000.00) payable to "Mirer Mazzocchi Schalet & Julien, PLLC," Tax ID No. 4756138, to Lizabeth Schalet, Esq. at 150 Broadway, Suite 1200, New York, New York 10038, for which a 1099 may be issued;

   b.      Defendants shall pay the remaining one hundred and sixty-two thousand dollars ($162,000.00) in twenty (20) consecutive monthly payments (the "monthly payments") of eight thousand one hundred dollars and zero cents ($8,100.00).  Defendants shall pay the monthly payments on or before the first of the month beginning the month following the payment of the initial payment.  Each of the monthly payments shall be made via a certified, cashier's or bank check payable to "Mirer Mazzocchi Schalet & Julien, PLLC" and delivered to the to Ms. Schalet at the address specified in Paragraph 1(a).  The attorneys fees payable to the law firm of Mirer Mazzocchi Schalet & Julien, PLLC will not exceed $45,000.00 in total.

Mirer Mazzocchi Julien & Schalet, PLLC shall be solely responsible for distributing the settlement sum to Plaintiffs.  Plaintiffs agree that they will be solely responsible for the payment of all taxes, interest, and/or penalties required by all applicable taxing authorities.  To the extent that Defendants may be or are held liable for the payment of any taxes, interest and/or penalties in connection with the payment set forth in this Paragraph 1, Plaintiffs agree to indemnify and hold Defendants harmless from and against any and all such taxes,

-3-

interest and/or penalties.  The Parties further agree to cooperate with each other, consistent with applicable law, in connection with any lawful inquiries by any taxing authorities.

2.      Plaintiffs acknowledges that the payments and benefits set forth in Paragraph 1 and the other consideration provided herein constitutes valid consideration for the covenants by Plaintiffs contained herein.  Plaintiffs agrees that he is not entitled to and will not seek any further consideration, including any other payment, wages, bonuses, vacation pay, health or other benefit or payment of any kind, from Releasees (as defined below) other than that to which he is entitled pursuant to this Agreement.  Plaintiffs acknowledges that he has been paid all accrued salary and wages, less applicable deductions, through the end of his employment with Defendants.

3.      Plaintiffs agrees to take any and all steps necessary to effectuate dismissal of the Litigation with prejudice, including directing his counsel to execute a Stipulation of Discontinuance With Prejudice in the form attached hereto as Exhibit A.  Plaintiffs represent that no other charges, actions, or claims are pending on his behalf against Defendants or any of the Releasees (defined in Paragraph 4, below).

4.      Plaintiffs irrevocably and unconditionally waive, release and forever discharge Defendants, their parents, subsidiaries, affiliated entities and former and current officers, directors, employees, agents, shareholders and representatives and the successors and assigns of each ("Releasees") from any and all complaints, claims, liabilities, obligations, promises, agreements, damages, actions, causes of action, suits, rights, demands, losses, debts and expenses (including attorneys' fees and costs), whether known or unknown, arising out of or related to the matters that were the subject of this lawsuit including all claims that were or could have been asserted pursuant to the New York Labor Law or the Fair Labor Standards Act. .  In the event

-4-

that Plaintiffs institute, are a party to, or are a member of a, class that institutes any action against Defendants or Releasees pursuant to the New York Labor Law or Fair Labor Standards, their claims shall be dismissed or class membership terminated with prejudice immediately upon presentation of this Agreement.   In addition, if Plaintiffs initiate such claims, they will pay Releasees their costs, including reasonable attorneys' fees, in obtaining dismissal of such action or in seeking to exclude Plaintiffs as a member of a class action.   This Agreement does not affect Plaintiffs' right to file a charge with the Equal Employment Opportunity Commission ("EEOC") or to participate or cooperate in any investigation conducted by the EEOC, but Plaintiffs acknowledge that they are not entitled to any other monies other than those payments described in this Agreement.

5.      Plaintiffs agree that they will not make any negative or disparaging statements about Defendants or any of its former or current employees.

6.      Defendants agree that if they receive any employment related inquiry regarding Plaintiffs, they will only confirm the dates of employment and position(s) held by Plaintiffs.  Mr. Rachapas Andy Yangeksakul a.k.a. Andy Yang agrees that he will not make any negative or disparaging statements about Plaintiffs. Notice under this provision shall be made via U.S. mail to Defendants' counsel:  Mr. Eric Li, Law Office of Z. Tan PLLC, 110 E. 59th Street, Suite 3200, New York, NY 10022 with an email copy to eric.li@ncny-law.com.

7.      On the Effective Date, each of the Defendants and also Defendants Rachapas Andy Yangeksakul a.k.a. Andy Yang individually shall provide Plaintiffs with an executed Affidavit of Confession of Judgment (the "Affidavits") in the form annexed hereto as Exhibit A in the amount of one hundred eighty thousand dollars and zero cents ($180,000.00) less any

amounts that have been paid pursuant to this Agreement.  Further, in the event of a default, the term of the Confession of Judgment shall be 10 years.

8.      The one hundred eighty thousand dollars and zero cents ($180,000.00) consists of the Total Settlement Amount. Plaintiffs' attorneys shall hold the Affidavits in escrow, and may file said Affidavits if, and only if, Defendants breach this Agreement, and, following notice of such breach, fail to cure the breach within 15 days.  It is hereby agreed and acknowledged by and between the parties that Defendants are providing the Affidavits solely to secure their payment obligations under this Agreement and in no event shall Plaintiffs recover more than the amounts specified in this Agreement under either the Affidavits, the Agreement or any combination thereof.

9.      Nothing contained in this Agreement nor the fact that the parties have signed this Agreement shall be considered an admission of liability by Defendants.  This Agreement will not constitute a precedent with regard to any other party's dealings with Defendants.

10.     If any provision contained in this Agreement should be proven unlawful or unenforceable, that provision will be considered as never written, but that will not affect the validity of the remaining terms and conditions of this Agreement.

11.     This Agreement constitutes the entire agreement between the Parties with respect to the subject matter set forth herein and shall supersede all prior agreements between the Parties relating to such subject matter.  Any amendments to or changes in the obligations created by this Agreement shall not be effective unless reduced to writing and signed by both Parties.

12.     This Agreement shall be construed in accordance with the laws of the State of New York without regard to conflict of laws principles.  Any actions arising out of or relating to this Agreement shall be brought in a federal or state court of competent jurisdiction in the State

of New York. Plaintiffs hereby irrevocably consents to the jurisdiction of the respective forum courts and irrevocably waives any and all defenses based on lack of personal jurisdiction, improper venue and/or forum non-conveniens.

13.     This Agreement may be executed by the Parties in any number of counterparts, which are defined as duplicate originals, all of which taken together will be construed as one document. A signature by facsimile or email and scan on this Agreement shall be as legally binding as an original signature.

14.     Plaintiffs agree that they will not make any applications for employment with Defendants, their parents, subsidiaries or affiliated entities and further agrees that any application for employment they make to such entities will violate this Agreement and are hereby rejected by the Defendants or their parents, subsidiaries or affiliated entities pursuant to the terms herein. In the event that any of the Plaintiffs obtain employment with Defendants, Plaintiffs acknowledge and agree that the employment will be subject to immediate termination and that Defendants will have no liability for such employment termination because this Agreement constitutes a valid, legitimate, non-discriminatory and non-retaliatory reason for the termination of such employment.

15.     Plaintiffs acknowledge that this Agreement and Defendants' obligation to make any payments hereunder are contingent on Court approval of this Agreement and dismissal of the Litigation with prejudice.

16.     Plaintiffs and Defendants acknowledge that their attorneys have translated, or have caused to be translated, this Agreement to any other language that each deems to be his or her primary language so that he/she/they fully understand this Agreement.

-7-

17.    Plaintiffs each warrant that they are fully competent to enter into this Agreement and acknowledge that they have been afforded a reasonable period of time and opportunity to review this Agreement with their attorney, that he has consulted with his attorney prior to executing this Agreement, that he has read and understands this Agreement, and that he has signed this Agreement freely and voluntarily.

**PLEASE READ CAREFULLY. THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____   7 / 7 / 16

Uriel Bazan   - Date

_____   7 / 7. / 16

Francisco Salvador Quino - Date

_____   7 / 7 / 16

Domingo Calel Chicoj  -  Date

_____   7 / 7 / 16          _____

Sergio Oswaldo Calle - Date                      Crisoforo Pineda - Date

_____   7 / 7 / 16          _____   7 / 7 / 16

Reynaldo Villalba Martinez - Date                Urbano Reyes

Edgar Zepeda - Date

Rodolfo Villano

Fernando Garcia - Date

Defendants Best Thai on Grammercy Inc., 31
East 21 Express Inc., Best Thai On 8 Corp.,
RTC 18 Corp., 331 Lexington Restaurant
Corp.

By: Rachapas Andy Yangeksakul   Date 7/6/16

Rachapas Andy Yangeksakul a.k.a. Andy
Yang - Date

-11-

## EXHIBIT A

SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| URIEL BAZAN, SERGIO OSWALDO CALLE, DOMINGO CALEL CHICOJ, REYNALDO VILLALBA MARTINEZ, CRISOFORO PINEDA, FRANCISCO SALVADOR QUINO, URBANO REYES, RODOLFO VILLANO, FERNANDO GARCIA and EDGAR ZEPEDA, Individually, On Behalf of All Others Similarly Situated and as Class Representatives, | 15-CV-4830 <br><br> **STIPULATION OF DISCONTINUANCE WITH PREJUDICE** |

Plaintiffs,

-Against-

BEST THAI ON GRAMMERCY INC., 31 EAST 21
EXPRESS INC., BEST THAI ON 8 CORP., RTC 18 CORP.,
331 LEXINGTON RESTAURANT CORP. (All Doing
Business As RHONG-TIAM EXPRESS), RACHAPAS
ANDY YANGEKSAKUL a.k.a ANDY YANG and
KARNCHANART SAE LOO,

Defendants

---

**IT IS HEREBY STIPULATED**, by and between the undersigned attorneys for all parties

herein, that the above-entitled action is hereby discontinued with prejudice and without costs to any

party.

Dated: July 6, 2016

MIZER MAZZOCCHI SCHALET &
JULIEN, PLLC

LAW OFFICE OF Z. TAN PLLC

Lizabeth Schalet
150 Broadway, Suite 1200
New York, NY 10038
Tel.: (212) 231-2235
Fax: (212_ 346-9063
*Attorneys for Plaintiffs*

Bingchen Li
110 E. 59th Street, Suite 3200
New York, NY 10022
Tel: (212) 593-6188
Fax: (718) 679-9122
*Attorneys for Defendants*

SO ORDERED:

_____
Hon. Gregory H. Woods
United States District Court Judge

50BW-228302